UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aaron H.,                                              Civ. No. 22-670 (PAM/DTS)

        Plaintiff,

v.                                                              **ORDER**

Frank Bisignano, Commissioner
of Social Security,[1]

        Defendant.

---

This matter is before the Court on Plaintiff's counsel's Motion for Attorney's Fees under 42 U.S.C. § 406(b). The Government does not oppose or support the award, but "agrees that Plaintiff's counsel may style the motion as unopposed." (Docket No. 62 at 2.)

The statute provides for an award "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Plaintiff is entitled to past-due Title II benefits of $63,184, 25 percent of which amounts to $15,796. From that sum, Counsel will receive $7,200 in fees under 42 U.S.C. § 406(a) for his administrative work before the Social Security Administration. Thus, he acknowledges that $7,200 is subtracted from the $15,796 figure, resulting in an amount of $8,596. Plaintiff is additionally entitled to past-due Title XVI benefits of $6,506.75, and 25 percent of that amount is $1,626.68. Counsel therefore seeks $10,222.68 from the Title II and Title XVI benefits. (Docket No. 56 at 6.)

---

[1]     Defendant's name is automatically substituted to that of the current officeholder under Fed. R. Civ. P. 25(d).

The statute requires the Court to determine whether the fee sought is "a reasonable fee." 42 U.S.C. § 406(b)(1)(A). Plaintiff's counsel did not cause any delay, nor did he provide substandard representation that might warrant a reduction in the presumptive statutory fee. Gisbrecht v. Barnhardt, 535 U.S. 789, 808 (2002). Counsel explains that he "prepared for three administrative hearings and filed one Federal District Court action." (Docket No. 56 at 4–5.) He asserts that the amount of fees requested yields an effective hourly rate of approximately $700, which is within the range of rates approved in other disability cases in this District. See Smith v. Kijakazi, Civ. No. 19-1571, 2023 WL 3580817, at *2 (D. Minn. May 22, 2023) (approving $900 hourly rate and collecting cases approving higher hourly rates) (Nelson, J.). Further, the Court determines that 14.6 hours worked is reasonable for this matter. Counsel has established that attorney's fees of 25 percent of the amount of Plaintiff's award is reasonable.

Finally, the Court notes that on November 30, 2022, it awarded Counsel $3,192 in an attorney's fees under the Equal Access to Justice Act. (Docket No. 29.) "Attorneys may collect fee awards for the same work under both EAJA and 42 U.S.C. § 406(b), but the attorney must "refund[ ] to the claimant the amount of the smaller fee." Theodoros K. v. Kijakazi, Civ. No. 20-2228, 2023 WL 4621896, at *3 (D. Minn. July 19, 2023) (noting that refunding the previously awarded amount is the preferred method) (Menendez, J.).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b) (Docket No. 55) is **GRANTED** and Plaintiff is awarded $10,222.68 in attorney's fees;

2. Defendant shall pay $10,222.68 directly to Plaintiff's counsel in accordance with the agreement Plaintiff signed; and

3. Plaintiff's counsel must refund to Plaintiff the $3,192 previously awarded.

Dated: July 23, 2025

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge